UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL R. ROSENBERGER,<br><br>   Petitioner,<br><br>   v.<br><br>ANNA WOLF, et al.,<br><br>   Respondents.<br>_____ | Case No. CV 13-8491 GAF(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

**I.　SUMMARY**

On November 18, 2013, Paul R. Rosenberger ("petitioner"), who is currently housed at Patton State Hospital, and is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition"). The Petition, construed liberally, appears to challenge ongoing criminal "DUI" proceedings in Santa Barbara County Superior Court on the ground that petitioner is not guilty. (Petition at 2, 3).

As explained below, in light of the pendency of the state criminal proceedings in issue, this Court must abstain from considering petitioner's claim

///

///

///

pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971)[1] and must dismiss this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

## II.   DISCUSSION

Except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971); <u>see also</u> 28 U.S.C. § 2283.  <u>Younger</u> abstention is appropriate if: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to resolve federal questions.  <u>Dubinka v. Judges of Superior Ct.</u>, 23 F.3d 218, 223 (9th Cir. 1994) (quotations and citations omitted).  In this case, all three of the <u>Younger</u> criteria are satisfied.

First, it is apparent from the Petition that petitioner is currently "awaiting trial" on "DUI charges" in Santa Barbara County Superior Court.  (Petition at 2). <u>See</u> <u>Columbia Basin Apartment Ass'n v. City of Pasco</u>, 268 F.3d 791, 801 (9th Cir. 2001) (under first prong of <u>Younger</u> test, state proceedings deemed ongoing if state court suit pending at time of federal suit's filing); <u>Drury v. Cox</u>, 457 F.2d 764, 764-65 (9th Cir. 1972) (only in most unusual circumstances is defendant entitled to have federal interposition by way of injunction or habeas corpus until after jury comes in, judgment has been appealed from and case concluded in state courts).
///

Second, the state has an important interest in passing upon and correcting

---

[1] Federal courts may raise <u>Younger</u> abstention *sua sponte*.  <u>See</u> <u>Hoye v. City of Oakland</u>, 653 F.3d 835, 843 n.5 (9th Cir. 2011).

[2] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

violations of a defendant's rights.  See Roberts v. DiCarlo, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (citation omitted).

Third, petitioner has an adequate opportunity in the state proceedings, including state appellate proceedings, to resolve any federal questions that may arise during the proceedings.  See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (where vital state interests  involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 253 (9th Cir. 1992) (doctrine of abstention precludes party from obtaining relief in federal court simply because  party disagrees with result reached by state courts); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary).

Because the Younger requirements are satisfied, this Court must abstain and dismiss this action unless extraordinary circumstances exist.  See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22 (1976) (Younger abstention not discretionary once conditions met); World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of Younger, a district court must dismiss the federal action.") (citation omitted).  Here, neither the claim asserted by petitioner, nor anything else in the record suggest the existence of extraordinary circumstances.  See Younger, 401 U.S. at 45-46.

Consequently, this Court must abstain from considering petitioner's challenge to his ongoing criminal proceedings and dismiss this action without prejudice.

///

**III.   ORDER**

3

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.

DATED: December 4, 2013

_____
HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:[3]

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.

4